```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF ALABAMA
                      SOUTHERN DIVISION
```

LEVERT REED, III,                :

    Petitioner,              :

v.                               :
                                 CIVIL ACTION 05-0445-WS-M

JERRY FERRELL,                   :

    Respondent.              :

<u>REPORT AND RECOMMENDATION</u>

    This is an action under 28 U.S.C. § 2254 by an Alabama inmate which was referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 72.2(c)(4), and Rule 8 of the Rules Governing Section 2254 Cases.  This action is now ready for consideration.  The state record is adequate to determine Petitioner's claims; no federal evidentiary hearing is required.  It is recommended that the habeas petition be denied, that this action be dismissed, and that judgment be entered in favor of Respondent Jerry Ferrell and against Petitioner Levert Reed III on all claims.

    Petitioner was convicted of murder in the Circuit Court of Washington County on April 23, 2003 for which he received a sentence of thirty-five years in the state penitentiary (Doc. 16, Exhibit 1, pp. 65, 89-92).  Appeal was made to the Court of Criminal Appeals of Alabama which affirmed the conviction and sentence (Doc. 14, Exhibit 4).  The Court of Criminal

Appeals filed a Certificate of Judgment on November 3, 2003 (Doc. 14, Exhibit 5).

Reed filed a State Rule 32 petition on July 20, 2004 (Doc. 14, Exhibit 6, pp. 4-24) which was denied (*id.* at pp. 41-44).  The Alabama Court of Criminal Appeals affirmed the denial and issued a Certificate of Judgment (Doc. 14, Exhibit 10, 11).  The Alabama Supreme Court denied Reed's petition for *certiorari* because Petition had not first sought rehearing by the Alabama Court of Criminal Appeals (Doc. 14, Exhibit 12).

Petitioner filed this habeas petition on June 6, 2005,[1] raising the following claims:  (1) His conviction was obtained by use of a coerced confession; (2) his conviction was obtained by use of evidence obtained pursuant to an unlawful arrest; (3) his conviction was obtained by a violation of the privilege against self-incrimination; (4) his conviction was obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant; (5) his conviction was obtained by a violation of the protection against double jeopardy; (6) he was denied

---

[1]Respondent states that Petitioner did not file this complaint until August 24, 2005 (Doc. 14, p. 3).  While Reed did not file a petition with this Court until that date (Doc. 7), Petitioner initiated this action on June 6, 2005 by filing a habeas petition with the U.S. District Court for the Middle District of Alabama (Doc. 5); that Court subsequently transferred the action to this Court (Doc. 5).

2

effective assistance of counsel; (7) he was denied his right to appeal; (8) he was mentally incapacitated at the time of his trial; (9) there was jury tampering; (10) he was not allowed to call all of his witnesses; and (11) he was illegally sentenced (Doc. 7).[2]  Defendant has answered the petition, claiming that all claims are procedurally exhausted and that this Court should not discuss their merit (Doc. 14, pp. 4-6).

It is noted that a United States Supreme Court decision, *Harris v. Reed*, 489 U.S. 255 (1989), discussed procedural default and stated that "a procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on a state procedural bar."  *Harris*, 489 U.S. at 263, *citing Caldwell v. Mississippi*, 472 U.S. 320, 327 (1985), *quoting Michigan v. Long*, 463 U.S. 1032, 1041 (1983).  However, in *Teague v. Lane*, 489 U.S. 288 (1989), the U.S. Supreme Court stated that the rule of *Harris* is inapplicable where a habeas petitioner did not raise a particular claim in state courts so that they never had the opportunity to address the claim.

---

[2]These are Petitioner's claims as understood by the Court. Defendant has declined to set out Petitioner's claims in its Answer (Doc. 14).

The evidence of record demonstrates that Reed has raised the claims brought in this petition on either direct appeal or in his State Rule 32 petition. The direct appeal concluded at the Alabama Court of Criminal Appeals because Petitioner did not seek rehearing in that Court or *certiorari* in the Alabama Supreme Court. The State Rule 32 petition was ultimately denied by the Alabama Supreme Court because Reed did not seek rehearing by the Alabama Court of Criminal Appeals before petitioning for *certiorari*. In both circumstances—the direct appeal and the Rule 32 appeal—Petitioner failed to bring his claims in every court available to him.

Alabama law clearly allowed Petitioner the opportunity to seek rehearing of his direct appeal dismissal by the Alabama Court of Criminal Appeals. Ala.R.App.P 39(c)(1). Likewise, Reed was required to seek rehearing of his Rule 32 petition dismissal by the Alabama Court of Criminal Appeals after that court denied his motion for rehearing. *Id.* Because Petitioner did not pursue his claims—on either direct appeal or in the appeal of his Rule 32 petition—in a timely fashion before the Alabama Court of Criminal Appeals, they are procedurally defaulted under *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999) ("[W]e conclude that state prisoners must give the state courts one full opportunity to resolve any

4

constitutional issues by invoking one complete round of the State's established appellate review process"). The record supports Respondent's assertions: these claims are all procedurally defaulted.

However, where the state courts have found claims of a petitioner to be procedurally defaulted and those courts have refused to address the merits of those claims, as is the case here, all chance of federal review is not precluded. The Eleventh Circuit Court of Appeals, in addressing the review of these claims, has stated the following:

> Under *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977) and its progeny, noncompliance with a state procedural rule generally precludes federal habeas corpus review of all claims as to which noncompliance with the procedural rule is an adequate ground under state law to deny review.  If a petitioner can demonstrate both cause for his noncompliance and actual prejudice resulting therefrom, however, a federal court can review his claims.

*Booker v. Wainwright*, 764 F.2d 1371, 1376 (11th Cir.) (citations omitted), *cert. denied*, 474 U.S. 975 (1985).  A claimant can also avoid the procedural default bar if it can be shown that a failure to consider the claims will result in a fundamental miscarriage of justice.  *Engle v. Isaac*, 456 U.S. 107, 135 (1982); *see also Murray v. Carrier*, 477 U.S.

5

478, 496 (1986).

In this action, Petitioner has demonstrated neither cause nor prejudice for failing to raise these claims in a timely manner in the State courts.[3]  Furthermore, Reed has not shown that this Court's failure to discuss the merit of these claims will result in a fundamental miscarriage of justice being visited upon him.  Therefore, the Court considers all claims in this Court to be procedurally defaulted and the Court will not address their merit.

Petitioner has raised eleven claims in this Court.  All are procedurally defaulted.  Therefore, it is recommended that the habeas petition be denied, that this action be dismissed, and that judgment be entered in favor of Respondent Jerry Ferrell and against Petitioner Levert Reed III on all claims.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.  **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the

---

[3] In Petitioner's most recent pleading, he acknowledges that his claims were not properly brought in the State courts but seeks "abatement" so that he can sort out his problems (Doc. 18).  To the extent, Reed seeks a stay of this action, it is **DENIED**.  The Court has reviewed the file and finds no remedies available to Petitioner in either the State or Federal venues.

6

factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.  **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this 12th day of December, 2005.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE

7